J. Romeo Miglietta et al., Respondents, *v.* Kennecott Copper Corporation, Appellant.

First Department, February 8, 1966.

*William Piel, Jr.,* of counsel (*Frederick A. Terry, Jr.,* and *Donald C. Christ* with him on the brief; *Sullivan & Cromwell,* attorneys), for appellant.

*Edward N. Costikyan* of counsel (*Edward F. Malone* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for respondents.

*Per Curiam.* The complaint is framed to recover damages for breach of a written agreement for the exploitation, as a joint venture, of certain asbestos deposits located in Greece. Since a copy of the agreement is annexed to and made a part of the complaint, '' the rights and duties of the parties must be determined by the terms of the contract annexed to the com-

plaint, and not by the plaintiff's characterization or construction thereof in his pleading.'' (3 Carmody-Wait, New York Practice, p. 569.) '' [T]he rights of the parties thereunder must be determined by the terms of that instrument without the aid of such conclusions as the plaintiff has set up respecting its legal effect.'' (*New Amsterdam Cas. Co.* v. *Mobinco Brokerage Co.,* 219 App. Div. 486, 488.) Therefore, insofar as plaintiffs' allegations as to the legal effect of the annexed written agreement are at variance with or tend to improperly enlarge upon the terms thereof, such allegations must be disregarded. Here, no facts are alleged to show the breach of any covenant or condition contained in or reasonably to be implied from the terms of the annexed agreement; and, consequently, the complaint fails to set forth any cause of action to recover for breach of such agreement.

Furthermore, it appears from the complaint that, pursuant to the terms of the agreement, the joint venture was to be merged into a corporation; that the defendant, on behalf of the venture, did form a corporation to develop and exploit the asbestos deposits; and that the assets of the joint venture were in fact set over to the corporation, the capital stock of which was issued, 5% thereof to the plaintiffs and 95% thereof to the defendant.

Under the circumstances, the plaintiffs, as stockholders of the corporation which acquired the assets of the joint venture, ordinarily would be relegated to their remedies as such stockholders except insofar as they may possess rights extrinsic to the corporate entity (see *Manacher* v. *Central Coal Co.,* 284 App. Div. 380, 385). In a given case, such extrinsic rights could arise by virtue of a covenant or agreement which was intended to survive the merger of the joint venture into the corporate entity and '' runs alongside of the path of the corporation '' (see *Manacher* v. *Central Coal Co., supra,* p. 385). Where, as here, there is no showing of any obligation running directly to plaintiffs under such a covenant or agreement, a cause of action in their favor is not established by the allegations of lost corporate opportunities or of acts or transactions resulting in a waste or depreciation of the assets of the corporation succeeding to the rights of the joint venture. In the absence of special circumstances, not alleged here, the plaintiffs' remedy for any such loss, waste or depreciation chargeable to the acts of the defendant, a controlling stockholder, would be limited to a derivative suit. (See *Berzin* v. *Litton Ind.,* 24 A D 2d 740; *Greenfield* v. *Denner,* 6 N Y 2d 867, revg. 6 A D 2d 263.)

The order should be reversed, on the law, with $50 costs and disbursements to defendant, and motion of defendant to dismiss complaint granted, with $10 costs.

VALENTE, J. P., McNALLY, EAGER, STEUER and WITMER, JJ., concur.

Order, entered on June 15, 1965, unanimously reversed, on the law, with $50 costs and disbursements to appellant, and defendant's motion to dismiss the amended complaint granted, with $10 costs.