■ DEMBER CONSTRUCTION CORPORATION, Respondent, v STATEN ISLAND MALL et al., Appellants.—Order, Supreme Court, New York County, entered on October 15, 1976, denying the defendants' motion to dismiss the plaintiff's ninth cause of action and to dismiss the entire amended complaint as to the defendant Feist & Feist, unanimously reversed, on the law, and the motion granted. Defendants-appellants shall recover of plaintiff-respondent $60 costs and disbursements of this appeal. The ninth cause of action seeks damages to the plaintiff's reputation arising out of the defendants' alleged breach of contract. Such a claim is not actionable *(Amaducci v Metropolitan Opera Assn.,* 33 AD2d 542). All 11 causes of action of the complaint arise out of a contract a copy of which is provided by the defendant-appellant Feist & Feist as the documentary defense asserted on its motion to dismiss under CPLR 3211 (subd [a], par 1). Despite Feist & Feist not having been a signatory to the contract, Special Term denied its motion because of the complaint's allegations "that Feist & Feist was heavily involved in all phases of the planning and execution of the contract". Apart from the

complaint's own allegation that Feist & Feist was the managing agent of the signatory defendants and hence could be expected to have been involved in the planning and execution of the contract, its obligations in an action arising out of the contract must be determined from the contract itself and not from the plaintiff's allegations in the complaint of its obligations *(Miglietta v Kennecott Copper Corp.,* 25 AD2d 57; *La Potin v Julius Lang Co.,* 30 AD2d 527). Since Feist & Feist was not a party to the contract, the complaint against it must be dismissed. Special Term also denied Feist & Feist's motion because it mistakenly found that it had signed the letter terminating the contract. Actually the letter was signed by Blackfriars Realty Corp., a signer of the contract. Not until the motion to dismiss did the plaintiff raise the allegation that the corporate form of the actual signers of the contract should be disregarded and the corporate veil pierced because Feist & Feist owned all of the stock of one defendant and some of the stock of the other. But had it owned all of the stock of both, that alone would not be sufficient reason to disregard the corporate entities *(Custer Bldrs. v Quaker Heritage,* 41 AD2d 448). There has been no showing by the plaintiff by allegation in the complaint or by evidence other than conclusory statements in its affidavit on the motion to dismiss that, aside from Feist & Feist's natural domination as managing agent over contractual transactions with the plaintiff, it enjoyed total domination over the defendant corporate entities and used that domination in order to commit the breach complained of. (See *Matter of Guptill Holding Corp. v State of New York,* 33 AD2d 362.) The plaintiff has not sought leave to replead (see CPLR 3211, subd [e]) nor does any ground appear which would support a repleaded cause of action (4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.33). Concur—Murphy, J. P., Lupiano, Nunez, Markewich and Lynch, JJ.