■ LINDA WEIS, Appellant, v SELECTED MEAT PACKERS, INC., et al., Respondents, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered September 1, 1981 in Albany County, which modified, pursuant to CPLR 2221, a previous order entered March 10, 1981 by dismissing the complaint against all the corporate defendants, dismissing as moot the corporate defendants' motion to vacate plaintiff's notice of discovery and inspection, and vacating as moot plaintiff's notice of discovery and inspection directed to the corporate defendants. Plaintiff and defendant

Elias Weis were husband and wife. Their marriage was dissolved by a judgment of divorce in February, 1976. Plaintiff sued defendant and the other corporate defendants on July 30, 1980, alleging that her husband has the sole and/or controlling ownership interest in all the corporate defendants and that he controls and manages their activities. Plaintiff states that during her marriage to defendant, she contributed her assets and labor to the development of defendant Weis' assets and property, including the corporate defendants, upon her husband's promise to share equally with plaintiff the ownership and beneficial enjoyment of all of his properties. She asks that a constructive trust be imposed upon one half of defendant Weis' property and seeks the appointment of a receiver. Plaintiff alleges that defendants defrauded her; that they violated a contract existing between the parties; that they are unjustly enriched to her detriment due to her reliance on their assurances; and that there exists an implied contract between them entitling her to damages on the ground of *quantum meruit*. She demands, also, an accounting and a permanent injunction preventing the disposition of defendants' property and assets. Special Term initially dismissed one cause of action against defendant Weis, not relevant here, and subsequently dismissed the remaining causes of action against the corporate defendants on authority of *Saff v Saff* (61 AD2d 452, app dsmd 46 NY2d 969). The court reasoned that plaintiff's action against defendant Weis was sufficient to resolve the question of whether a constructive trust should be imposed on his assets. Plaintiff contends, in the alternative, that her complaint sufficiently states causes of action against the corporate defendants as wrongdoers in their own right or, at the very last, establishes that defendant Weis' control of the corporate defendants is such as to make them his alter egos and allows for a piercing of the corporate veil. In a CPLR 3211 (subd [a], par 7) motion to dismiss for failure to state a cause of action, we must address the sufficiency of the allegations of the complaint. Here, we conclude that Special Term was correct in its finding that plaintiff's complaint failed to state facts sufficient to permit a piercing of the corporate veil. To disregard the corporate form, it must be established not only that an individual controlled a corporation, but also that the corporation was used for the transaction of the shareholder's personal business (see *Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652). Plaintiff's complaint merely alleges that defendant Weis had the sole and/or controlling ownership interest in the corporate defendants and that he controls the management and other activities of the corporations. These allegations, without more, fall short of establishing a prima facie case so as to permit disregard of the corporate form (*Walkovszky v Carlton,* 18 NY2d 414, 419-420). Plaintiff also fails to set out in her pleadings sufficient allegations to support the imposition of a constructive trust on the assets of the corporate defendants. Plaintiff's complaint alleges that defendant Weis promised her one half of his assets if she would devote her property and assets to his business interests including the corporate defendants. There are no allegations that such representations were made by him on behalf of the corporate defendants or that he had the requisite authority to do so. Her attorney's affidavit to that effect does not cure the fatal defect in plaintiff's complaint since it is not based on personal knowledge of the facts and is, therefore, without probative effect. Additionally, no confidential or fiduciary relationship between defendants and plaintiff is alleged outside of one arising due to defendant Weiss' property transfer to the corporate defendants. To establish a fiduciary relationship, it must be shown that a relationship of trust existed between plaintiff and the corporate defendants prior to any transfer of property. We find, however, contrary to Special Term's conclusion, that plaintiff has pleaded two viable causes of action which are sufficient to survive the

motion to dismiss. In alleging an implied contract between herself and the corporate defendants and in seeking damages based on *quantum meruit,* plaintiff has alleged work performed for the corporate defendants at defendant Weis' request, acceptance of the work by the corporate defendants, the value thereof, and nonpayment. We find that there may be implied from the rendition and acceptance of services, under these circumstances, an implied contract between plaintiff and defendant corporations. Also, plaintiff sufficiently alleges a cause of action based on unjust enrichment. The gist of her complaint is to the effect that she gave her assets and great personal effort to defendant Weis and to the corporate defendants for 14 years under circumstances that in equity and good conscience required that her assets and efforts should not be retained by them without just recompense. The substance of the entire complaint is sufficient to allege a cause of action for unjust enrichment. We find no reason to require an accounting or to impose a permanent injunction against the corporate defendants. Plaintiff's pleadings do not entitle her to such relief. In dismissing the complaint against the corporate defendants, Special Term did not have cause to address the merits of plaintiff's notice of discovery and inspection against these defendants. In view of this court's finding of the sufficiency of two causes of action, Special Term should reconsider the notice and defendant's motion to vacate. Order modified, on the law, by reversing so much thereof as dismissed plaintiff's third and fourth causes of. action against the corporate defendants, dismissed as moot said defendants' motion to vacate plaintiff's notice of discovery and inspection, and vacated as moot plaintiff's notice of discovery and inspection, and matter remitted to Special Term for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.