■ FRANK R. CUSUMANO, Respondent, v IOTA INDUSTRIES, INC., et al., Defendants, and LOUIS J. NICASTRO, Appellant. — In an action to recover damages for breach of contract, defendant Nicastro appeals from so much of an order of the Supreme Court, Queens County (Buschmann, J.), dated June 6, 1983, as denied that branch of his motion which was to dismiss the first cause of action of the complaint as against him "without prejudice to renewal following his examination before trial by plaintiff". ¶ Order reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of defendant Nicastro's motion which was to dismiss the first cause of action of the

complaint as against him is granted. ¶ The first cause of action of the plaintiff's complaint, sounding in breach of contract, seeks damages of $1,000,000, which plaintiff claims is due him as a finder's fee, for arranging a certain corporate merger. Although the complaint names the individual defendant Nicastro in the caption, the allegations contained in the complaint fail to mention Nicastro, much less allege any facts upon which personal liability of Nicastro to the plaintiff can be predicated. Moreover, the plaintiff's papers in opposition to that branch of Nicastro's motion which was to dismiss the first cause of action as to him did not serve to cure this defect in the complaint, since it merely contained conclusory statements that Nicastro was the "alter ego" of the corporations with whom plaintiff had allegedly contracted to perform financial services. Under these circumstances that branch of Nicastro's motion which was to dismiss the first cause of action of the complaint as to him should have been granted (CPLR 3012; *Ragto, Inc. v Schneiderman,* 69 AD2d 815, affd 49 NY2d 975; *Dember Constr. Corp. v Staten Is. Mall,* 56 AD2d 768; *Weis v Selected Meat Packers,* 91 AD2d 1085). Mangano, J. P., Bracken, O'Connor and Lawrence, JJ., concur.