■ RAFAEL PEREZ, JR., an Infant, by His Mother and Natural Guardian, DEBBIE PEREZ, et al., Appellants, v ONE CLARK STREET HOUSING CORPORATION et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an amended order of the Supreme Court, Kings County (Bellard, J.), entered September 27, 1983, which granted defendant shareholders' motions to dismiss the complaint as against them and denied plaintiffs' cross motion to consolidate the instant action with another action against the corporate defendants or for leave to serve a supplemental summons and complaint nunc pro tunc.

Amended order affirmed, with one bill of costs payable to defendants appearing separately and filing separate briefs.

Rafael Perez was the superintendent of a cooperative apartment building located at 129 Columbia Heights, in Kings County. As part of the consideration for his services, Perez was given an apartment in the basement of the building, where he lived with his wife and young son. Perez, while performing his duties, left a container of caustic cleaning solvent unattended in the basement area and his child, then 18 months old, swallowed some of this highly toxic fluid, which contained sulfuric acid. As a result, the infant sustained serious bodily injuries.

The infant and his mother commenced an action against the cooperative corporation and against the manufacturer of the cleaning solvent. On the day before the Statute of Limitations was to expire, plaintiffs' counsel discovered that the building was insured by a policy which had a limited coverage of $500,000. Guided by the belief that there was a great possibility that a settlement or verdict could be in excess of $500,000, plaintiffs' counsel instituted suit against all of the shareholder-tenants who resided at and/or owned the premises, 129 Columbia Heights.

Special Term was correct in dismissing the complaint against these shareholders. Courts will pierce the corporate veil when it is clear that shareholders are using the corporation merely as a conduit to conduct their personal business in order to shield themselves from personal liability (*see, Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 657), or where "necessary 'to prevent fraud or to achieve equity' " (*Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 163, quoting from *International Aircraft Trading Co. v Manufacturers Trust Co.,* 297 NY 285, 292). Merely because the shareholder defendants, as an incident of their stock ownership, were entitled to occupy their apartments under a proprietary lease and thereby use these apartments in a personal way, as all tenants are entitled to, does not render the

corporate structure a sham. The cooperative corporation laws of New York are structured so that shareholders may personally benefit from their membership in the cooperative (*see,* Cooperative Corporations Law § 3 [c], [d]).

We find that the complaint falls short of adequately stating a cause of action against the shareholders (*see, Cusumano v Iota Indus.,* 100 AD2d 892, 893). There are no allegations that these shareholders ignored, circumvented or perverted the corporate form nor are there allegations of fraud or misrepresentation. In fact, what the complaint does describe are features of a valid housing cooperative. The benefits which flow to these shareholders, including the limitations on their personal liability, in no way impair the independent existence of the corporation (*see, We're Assoc. Co. v Cohen, Stracher & Bloom,* 103 AD2d 130). The complaint is totally devoid of solid, nonconclusory allegations (*see, Walkovszky v Carlton,* 18 NY2d 414, 421, n 3).

Moreover, we find that Special Term was correct in its view that "[f]or all practical purposes, there is only one action here and plaintiffs amended the complaint twice without first obtaining leave of the court". Therefore, plaintiffs' cross motion was properly denied as unnecessary (*see, Catanese v Lipschitz,* 44 AD2d 579, 580).

Lastly we note that respondents are not entitled to recover attorney's fees in this action and on this appeal from the plaintiffs since such fees are merely an incident of litigation (*see, City of Buffalo v Clement Co.,* 28 NY2d 241, 262; *Klein v Sharp,* 41 AD2d 926). Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.