VALUE TIME, INC., d/b/a Value
Plus, Plaintiff,

v.

WINDSOR TOYS, INC., Defendant and
Third–Party Plaintiff,

v.

Allan RIGBERG, and Allan Rigberg,
d/b/a Values Plus, Third–Party
Defendants.

No. 88 Civ. 3788 (RWS).

United States District Court,
S.D. New York.

March 24, 1989.

Golenbock and Barell, New York, for plaintiff and third-party defendants (Robert S. Goodman, of counsel).

Handal & Morofsky, Norwalk, Conn., for defendant and third-party plaintiff (Anthony H. Handal, Christopher Grahame–Smith, of counsel).

## OPINION

SWEET, District Judge.

Third-party defendants Allan Rigberg ("Rigberg") and Allan Rigberg d/b/a Values Plus (collectively, the "Rigberg defendants") have moved pursuant to Fed.R. Civ.P. 12(b)(6) to dismiss the complaint of defendant and third-party plaintiff Windsor Toys, Inc. ("Windsor Toys"). For the reasons set forth below, the motion is granted and the complaint is dismissed.

*The Parties*

Plaintiff Value Time, Inc., d/b/a Values Plus ("Values Plus") is a New York corporation with its principal place of business at 350 Fifth Avenue, New York, New York.

Windsor Toys is a New Jersey corporation with its principal place of business at 140 Grand Street,, Carlstadt, New Jersey.

Rigberg is a New York citizen who allegedly controls Values Plus.

*The Facts*

During December 1986 and March 1987, Values Plus purchased 168,000 "Heart to Heart" stuffed teddy bears (the "teddy bears") from Windsor Toys for $1,050,000. Values Plus accepted delivery of the teddy bears, but allegedly still owes Windsor Toys more than $600,000.

*Prior Proceedings*

Values Plus has sued Windsor for breach of contract and fraud in the inducement in connection with the purchase of the teddy bears. In its answer, Windsor asserted two counterclaims. The second counterclaim charged Values Plus with fraud and sought punitive damages, alleging that Values Plus entered the contracts with the "intention of not paying the full price agreed to for the teddy bears and of defrauding Windsor Toys, Inc." In an opinion dated November 11, 1988, this court dismissed Windsor Toys's second counterclaim and its punitive damages claim, holding that it did not state a cause of action for fraud because the only fraud charged related to a breach of contract, 700 F.Supp. 6. Familiarity with that opinion is assumed.

On August 12, 1988, Windsor Toys brought a third-party complaint against the Rigberg defendants for their involvement in the teddy bears contracts. The third-party complaint sets out four counts:

1. Against Rigberg, who allegedly "entered into or caused [Values Plus] to enter into" teddy bear purchase contracts "with the intent of defrauding [Windsor Toys] and perpetrating fraud, illegality, or wrongdoing through [Values Plus]."

2. Against Rigberg, who allegedly entered into the teddy bear contracts with "the intention of not paying the full price agreed to for the teddy bears and of defrauding [Windsor Toys]."

3. Against Rigberg, d/b/a Values Plus, who allegedly is personally liable for Values Plus's failure to pay under the teddy bears contracts.

4. Against Rigberg, d/b/a Values Plus, who allegedly committed fraud by entering into the teddy bears contracts with "the intention of not paying the full price agreed to for the teddy bears and of defrauding [Windsor Toys]."

The Rigberg defendants have moved to dismiss all four counts.

*Breach of Contract as Fraud*

The fraud allegations in counts two and four are in substance no different from the fraud allegation in the second counterclaim. Pursuant to the holding and reasoning of this court's November 11, 1988 opin-

**438**

ion, therefore, counts two and four are dismissed.

*Corporate Officer Liability for Corporation's Breach of Contract*

 Counts one and three seek to hold Rigberg personally liable for breaches of contracts entered into by Values Plus, a corporation Rigberg allegedly controlled. Because he was acting in his capacity as an officer, Rigberg cannot be held individually liable for the corporation's alleged breach of contract. *See Puma Indus. Consulting v. Daal Assoc., Inc.,* 808 F.2d 982, 986 (2d Cir.1987); *Brignoli v. Balch Hardy and Scheinman, Inc.,* 645 F.Supp. 1201, 1209 (S.D.N.Y.1986).

Moreover, Windsor Toys's third-party complaint contains no allegation that would justify piercing the corporate veil. In *Weis v. Selected Meat Packers, Inc.,* the New York Appellate Division, Third Department, noted:

> "Here, we conclude that Special Term was correct in its finding that plaintiff's complaint failed to state facts sufficient to permit a piercing of the corporate veil. To disregard the corporate form, it must be established not only that an individual controlled a corporation, but also that the corporation was used for the transaction of the shareholder's personal business [citation omitted]. Plaintiff's complaint merely alleges that Weiss had the sole and/or controlling ownership interest in the corporate defendants and that he controls the management and other activities of the corporations. These allegations, without more, fall short of establishing a prima facie case so as to permit disregard of the corporate form [citation omitted]."

91 A.D.2d 1085, 1086, 458 N.Y.S.2d 313, 314 (3d Dep't 1983); *see also Dember Constr. Corp. v. Staten Island Mall,* 56 A.D.2d 768, 769, 392 N.Y.S.2d 299, 300 (1st Dep't 1977) (dismissing complaint where plaintiff failed to allege that the individual defendant "enjoyed total domination over the defendant corporation and used that domination in order to commit the breach complained of").

 Here, Windsor Toys does not even allege that Rigberg "controlled" Values Plus. The only allegations that come remotely close to identifying Rigberg's relationship with Values Plus are Windsor Toys's claims that Rigberg "does business as" Values Plus and that Rigberg "caused [Values Plus] to enter into" the teddy bear contracts. These allegations come nowhere near the standards set in *Dember Construction* and *Weis.*

*Conclusion*

For the reasons set forth above, the Rigberg defendants' motion is granted and the third-party complaint is dismissed.

It is so ordered.