■ BOARD OF MANAGERS OF 411 EAST 53RD STREET CONDO-
MINIUM, Acting on Behalf of the UNIT OWNERS OF 411 EAST
53RD STREET CONDOMINIUM, Appellant, v DYLAN CARPET, INC.,
et al., Respondents.—Order, Supreme Court, New York County
(Harold Tompkins, J.), entered March 19, 1991 which dismissed
the fourth and sixth causes of action of the plaintiff's com-
plaint, alleging fraud and conversion respectively, unani-
mously reversed, on the law with costs, and said causes of
action are hereby reinstated.

In February, 1990 the plaintiff contracted with defendant
Dylan Carpet, Inc. for the purchase and installation of carpet-
ing for the condominium. The contract price was in excess of
$60,000; the contract required 50% to be paid in advance with
25% to be paid when the carpet was ready for delivery and
the remaining 25% to be paid in equal progressive payments
during the installation of the carpet. Accordingly, on February
15, 1990 plaintiff paid Dylan Carpet, Inc. $25,000. Thereafter
on June 26, 1990, defendant Rothman informed the plaintiff
that the carpet was in stock and ready for installation but
that a payment of $28,834.18 was required for storage of the
carpet until plaintiff was ready to have it installed. Plaintiff
paid defendant the $28,834.18; however, Dylan Carpet, Inc.
never fulfilled the order. In fact, plaintiff's was one of several
orders Dylan Carpet, Inc. did not fulfill although deposits had
been paid by the customers. In mid-November 1990, Dylan
Carpet, Inc. became insolvent and ceased its business opera-
tions.

Plaintiff commenced this action against Dylan Carpet and
the individual defendants, who are each 50% shareholders of
the corporate defendant. The complaint in six causes of action
alleges breach, fraud and conversion by the corporate and
individual defendants. The fourth and sixth causes of action,
which allege fraud and conversion respectively, against the
individual defendants, are the only ones with which this
appeal is concerned. Defendants moved to dismiss the fourth
and sixth causes of action for failure to state a cause of action
(CPLR 3211) and on the ground that said causes were not
pleaded with requisite specificity (CPLR 3016).

Upon giving the complaint and evidentiary material submit-
ted in opposition to the motion every favorable consideration
(*Arrington v New York Times Co.*, 55 NY2d 433, 442; *Rovello v
Orofino Realty Co.*, 40 NY2d 633), we find that the fourth and
six causes of action of the complaint were adequately pleaded.
The allegations in the complaint, that the individual defen-
dants ran the corporation to further their own personal

interests, as opposed to those of the corporation, as supported, specifically by the affidavit of Aaron Edelman which provides examples of their conduct, are sufficient to state causes of action against the individual defendants herein *(cf., Perez v One Clark St. Hous. Corp.,* 108 AD2d 844; *Cusumano v Iota Indus.,* 100 AD2d 892).

CPLR 3016 (b) has been interpreted as requiring " 'only that the misconduct complained of be set forth in sufficient detail to clearly inform a defendant with respect to the incidents complained of and is not to be interpreted so strictly as to prevent an otherwise valid cause of action in situations where it may be "impossible to state in detail the circumstances constituting the fraud" *(Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 194).' *(Lanzi v Brooks,* 43 NY2d 778, 780.)" *(Fidelity & Deposit Co. v Andersen & Co.,* 131 AD2d 308, 309.) The complaint as supported by the plaintiff's submissions, clearly pleads a fraud claim based on specific allegations, that the defendants made false statements of fact, as opposed to expressions of future intentions collateral to the contract *(compare, Deerfield Communications Corp. v Chesebrough-Ponds, Inc.,* 68 NY2d 954, 956). Moreover, that the fraud allegations do not identify and distinguish between the two individual defendants is of no consequence since the complaint as a whole, adequately alleges a scheme involving both defendants *(see, CPC Intl. v McKesson Corp.,* 70 NY2d 268). Concur—Murphy, P. J., Carro, Wallach, Ross and Smith, JJ.