■ W. H. BROWNYARD CORPORATION, Appellant, v AMERICAN INTERNATIONAL GROUP, INC., et al., Respondents. [655 NYS2d 1021] —In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated September 26, 1995, as granted those branches of the defendants' motion which were to dismiss the complaint insofar as asserted against the defendants American International Group and American Home Assurance Company and to dismiss the fourth through tenth causes of action asserted against the defendant National Union Fire Insurance Company of Pittsburgh, Pa.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, W.H. Brownyard Corporation (hereinafter Brownyard) is an insurance agent which developed and marketed liability policies for security guard companies. In 1980 Brownyard entered into an agency agreement with the defendant National Union Fire Insurance Company of Pittsburgh, Pa. (hereinafter National), a subsidiary of the defendant American International Group (hereinafter AIG). Among other things, the agency agreement granted Brownyard the right to bind and write general liability policies for what the agreement termed the "Security Guard Program". In 1982 Brownyard entered into a contingent commission agreement with National which, inter alia, provided that Brownyard would be paid a commission on the policies it wrote for the Security Guard Program.

In 1994 Brownyard cancelled its agency agreement with

National and then instituted an action against the defendants, alleging 10 causes of action, including breach of contract and fraud. According to Brownyard's complaint, its causes of action arise out of a conspiracy by the defendants to remove it from the market for providing security guard liability policies. The defendants moved to dismiss the complaint against AIG and American Home Assurance Company (hereinafter American Home) in its entirety and all but the breach of contract causes of action against National. The motion was granted by the Supreme Court.

The Supreme Court correctly dismissed the first three causes of action for breach of the agency and contingent commission agreements insofar as asserted against AIG and American Home, both of which had been entered into between the plaintiff and National only. AIG and American Home were not parties to either of those contracts and are not bound by their terms (see, e.g., *National Survival Game v NSG of LI Corp.*, 169 AD2d 760). Contrary to Brownyard's argument, there were neither allegations in the complaint nor evidence in the documents submitted in opposition to the motion to dismiss which would support sustaining a cause of action on an alter-ego theory holding AIG, as the parent company of National, or American Home liable under the contract (see, *Abelman v Shoreatlantic Dev. Co.*, 153 AD2d 821, 823; *Cusumano v Iota Indus.*, 100 AD2d 892, 893).

Brownyard's remaining contentions are either unpreserved for appellate review or without merit. Pizzuto, J. P., Altman, McGinity and Luciano, JJ., concur.