■ JOSEF ITAMARI, Appellant, v GIORDAN DEVELOPMENT CORPORATION, Defendant, and EMERIC CSENGERI, Respondent. [748 NYS2d 678] —In an action to recover for services rendered, the plaintiff appeals from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated June 25, 2001, as granted that branch of the defendants' cross motion which was to dismiss the amended complaint insofar as asserted against the defendant Emeric Csengeri.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the contention of the respondent, Emeric Csengeri, the Supreme Court was not bound by the doctrine of law of the case to dismiss the amended complaint insofar as it was asserted against him in his individual capacity. A prior order of the same court, dated March 29, 2001, did not address the precise question of whether Csengeri may be liable on an alter-

ego theory, and therefore did not constitute the law of the case on the issue of piercing the corporate veil (*see People v Evans,* 94 NY2d 499, 502; *Castle v Gaseteria Oil Corp.,* 263 AD2d 523, 523-524; *Gilligan v Reers,* 255 AD2d 486, 487).

However, contrary to the plaintiff's contention, he failed to adequately allege, in either the amended complaint or in opposition to the motion to dismiss, facts demonstrating that Csengeri exercised sufficient domination and control over the defendant Giordan Development Corporation to warrant piercing the corporate veil (*see Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141-142). Mere conclusory statements that a corporation is "dominated or controlled" by a shareholder are insufficient to sustain a cause of action against the shareholder in his individual capacity (*see Abelman v Shoratlantic Dev. Co.,* 153 AD2d 821, 823; *Perez v One Clark St. Hous. Corp.,* 108 AD2d 844, 845; *Cusumano v Iota Indus.,* 100 AD2d 892, 893). Accordingly, Csengeri may not be held liable to the plaintiff for the alleged obligations of Giordan Development Corporation (*see Buehner v International Bus. Machs. Corp.,* 270 AD2d 299; *Brownyard Corp. v American Intl. Group,* 237 AD2d 594; *Finkel v Blair & Co.,* 213 AD2d 588). O'Brien, J.P., Krausman, Townes and Rivera, JJ., concur.