■ ANTHONY ALIZIO, Plaintiff, v PETER ROBERT PERPIGNANO et al., Defendants. (Action No. 1.) P.J. ALIZIO REALTY, INC., Appellant, v LILLIAN EISENBERG et al., Defendants and Third-Party Plaintiffs-Respondents. PETER ALIZIO, Third-Party Defendant-Appellant. (Action No. 2.) LILLIAN EISENBERG et al., Plaintiffs, v P.J. ALIZIO REALTY, INC., et al., Defendants. (Action No. 3.) ANTHONY ALIZIO, Plaintiff v GREGORY RONAN et al., Defendants. (Action No. 4.) LILLIAN EISENBERG et al., Respondents v P.J. ALIZIO REALTY, INC., et al., Appellants. (Action No. 5.) [889 NYS2d 100]—

In five related actions, inter alia, to recover damages for breach of contract, which were joined for trial, P.J. Alizio Realty, Inc., and Peter Alizio appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated June 16, 2008, as corrected by an order dated September 2, 2008, which denied their motion pursuant to CPLR 3211 (a) (3) and (7) to (a) dismiss the second and third counterclaims asserted by Bridgeview II Company, Bridgeview III Associates, Ocean View Realty Company, Ocean View II Associates, and Heyson Gardens Associates alleging breach of fiduciary duty and fraud against P.J. Alizio Realty, Inc., in action No. 2, (b) dismiss the counterclaims

asserted by Joseph Alizio against P.J. Alizio Realty, Inc., in action No. 2, (c) dismiss the third-party complaint against Peter Alizio in action No. 2, and (d) dismiss the third cause of action alleging fraud in action No. 5 insofar as asserted against P.J. Alizio Realty, Inc.

Ordered that the order, as corrected, is modified, on the law, by deleting the provision thereof denying that branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint against Peter Alizio in action No. 2, and substituting therefor a provision granting that branch of the motion; as so modified, the order, as corrected, is affirmed, without costs or disbursements.

Five limited partnerships (hereinafter the partnerships) were formed in the 1970s for the purpose of owning five properties in Queens. In 1991 P.J. Alizio Realty, Inc. (hereinafter PJA), a management company, entered into five separate but identical management agreements with the five partnerships regarding the management of the five properties. The officers of PJA included Anthony Alizio, one of the general partners of each of the partnerships, and his son Peter Alizio.

In 2002 each of the general partners of the partnerships, except for Anthony Alizio, concluded that they wished to sell the properties and wind up the affairs of the partnerships. Five actions commenced by the parties ensued, and these actions have been joined for trial. Two of these actions, action Nos. 2 and 5, are at issue on this appeal.

In September 2003 Irving Eisenberg (now deceased), as the managing partner of the partnerships, commenced an action (hereinafter action No. 5) against PJA and Anthony Alizio. The third cause of action in his complaint alleged that PJA and Anthony Alizio committed fraud against the partnerships by overstating the value of certain expenses and reimbursing themselves for clerical, administrative, and legal expenses which were specifically excluded from reimbursement under the terms of the management agreements. Eisenberg further alleged that PJA and Anthony Alizio specifically represented to him that their payments were in strict accord with the management agreements, engaged accountants to furnish false information to conceal their misappropriation of partnership funds, and withheld and refused to produce partnership books and records for the partners in order to conceal their misappropriation of partnership funds.

In January 2004 PJA commenced an action (hereinafter action No. 2) against the partnerships and the individual partners alleging that the partnerships improperly terminated the

management agreements. In their answer, the partnerships asserted counterclaims against PJA sounding in breach of contract, breach of fiduciary duty, and fraud, based, among other things, on the same conduct alleged by Eisenberg in action No. 5. The partnerships also filed a third-party complaint against Peter Alizio, seeking to hold him personally liable for PJA's conduct.

PJA and Peter Alizio subsequently moved pursuant to CPLR 3211 (a) (3) and (7), inter alia, to dismiss the second and third counterclaims in action No. 2 alleging breach of fiduciary duty and fraud, the third-party complaint in action No. 2, and the third cause of action in action No. 5 alleging fraud. The Supreme Court denied the motion in its entirety. PJA and Peter Alizio (hereinafter together the appellants) appeal. We modify.

Contrary to the appellants' contention, the Supreme Court properly found that Eisenberg and the partnerships adequately stated a cause of action and counterclaim based on fraud that is sufficiently independent from their breach of contract claims (*see Freedman v Pearlman*, 271 AD2d 301, 304 [2000]; *First Bank of Ams. v Motor Car Funding*, 257 AD2d 287, 291-292 [1999]). Also contrary to the appellants' contention, the Supreme Court properly found that the partnerships adequately stated a counterclaim to recover damages for breach of fiduciary duty (*see AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 21-22 [2008]; *Apple Records v Capitol Records*, 137 AD2d 50, 57 [1988]).

However, the appellants correctly contend that the Supreme Court should have granted that branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint in action No. 2 against Peter Alizio, as the third-party complaint fails to set forth sufficient factual allegations demonstrating that Peter Alizio so controlled or dominated PJA as to warrant piercing the corporate veil (*see AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d at 24; *Itamari v Giordan Dev. Corp.*, 298 AD2d 559, 560 [2002]).

The appellants' remaining contentions are without merit. Covello, J.P., Santucci, Chambers and Lott, JJ., concur.