■ VUE MANAGEMENT, INC., Appellant, v PHOTO ASSOCIATES et al., Respondents. [917 NYS2d 569]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered August 26, 2009, which, insofar as appealed from as limited by the briefs, granted the motion of individual defendants Kauffman and Abramovitz for summary judgment dismissing the complaint as against them, and denied plaintiff's cross motion for leave to amend the complaint, unanimously affirmed, with costs.

Plaintiff failed to rebut the individual defendants' prima facie showing that to the extent they engaged in the alleged underlying contractual relationship, they did so solely as corporate representatives. Therefore, they could not be held liable in their individual capacities (*see Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 915 [1978]; *Do Gooder Prods., Inc. v American Jewish Theatre, Inc.*, 66 AD3d 527, 528 [2009]).

The court also properly denied the cross motion for leave to amend the complaint. Although such leave should be freely given absent prejudice or undue surprise caused by the delay, it may be denied where the additional claims sought to be asserted are "palpably insufficient as a matter of law" (*Davis & Davis v Morson*, 286 AD2d 584, 585 [2001]). Plaintiff's additional fraud claim was premised upon factual allegations germane to its initial claim for breach of contract, and was duplicative of that claim (*see Krantz v Chateau Stores of Canada*, 256 AD2d 186, 187 [1998]). Plaintiff's proposed claim for

piercing the corporate veil was based upon an allegation that the individual defendants dominated and controlled the corporate defendant, and thus, was insufficient as a matter of law (*see Itamari v Giordan Dev. Corp.*, 298 AD2d 559, 560 [2002]; *Metropolitan Transp. Auth. v Triumph Adv. Prods.*, 116 AD2d 526, 528 [1986]). Concur—Mazzarelli, J.P., Andrias, Catterson, Moskowitz and Román, JJ. **[Prior Case History: 2009 NY Slip Op 31922(U).]**