—Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered May 3, 2012, which, to the extent appealed from, denied defendant’s motion for summary judgment dismissing the first, third, fourth and fifth causes of action, unanimously reversed, on the law, with costs, and the causes of action dismissed. The Clerk is directed to enter judgment dismissing the complaint.
Defendant, which is not affiliated with any signatory of the agreement that plaintiff alleges was breached, but was merely the agent of a non-signatory who was party to a related transaction, cannot be held liable for breach of the agreement (see Dember Constr. Corp. v Staten Is. Mall, 56 AD2d 768 [1st Dept 1977]). Defendant cannot be held liable for negligent misrepre *576 sentation, since it had no special knowledge with respect to the alleged misrepresented facts, which were all a matter of public record (see Kimmell v Schaefer, 89 NY2d 257, 263 [1996]). The tortious interference cause of action must be dismissed because no party breached the agreement (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]). The cause of action for tortious interference with prospective business relations must be dismissed because no issue of fact exists whether defendant engaged in unlawful or improper means of interference (see Carvel Corp. v Noonan, 3 NY3d 182 [2004]). Concur—Tom, J.E, Acosta, Renwick, DeGrasse and Richter, JJ.