IS Chrystie Mgt. LLC v ADP, LLC (2022 NY Slip Op 02950)

IS Chrystie Mgt. LLC v ADP, LLC

2022 NY Slip Op 02950

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Higgitt, JJ. 

Index No. 655374/18 Appeal No. 15871 Case No. 2021-04555 

[*1]IS Chrystie Management LLC, Plaintiff-Respondent-Appellant, Devonwood Corporation LLC, Plaintiff,
v
ADP, LLC, Defendant-Appellant-Respondent.

Kelley Drye & Warren LLP, New York (William S. Gyves of counsel), for appellant-respondent.
Morrison Cohen LLP, New York (Y. David Scharf of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about October 18, 2021, which, insofar as appealed from as limited by the briefs, denied defendant's motion for partial summary judgment and denied plaintiff's motion for leave to amend the complaint to reinstate its fraud claim, unanimously modified, on the law, to grant plaintiff's motion, and otherwise affirmed, without costs.
The fraud claim is not duplicative of the contract claim (see e.g. BML Props. Ltd. v China Constr. Am. Inc., 174 AD3d 419 [1st Dept 2019]). Unlike Cronos Group Ltd. v XComIP, LLC (156 AD3d 54 [1st Dept 2017]), this is not a case where "the only fraud alleged" was the defendant's "unkept promise to perform certain of its preexisting obligations under the parties' contract" (id. at 64). Rather, plaintiff alleges, "Whenever ADP's services for Plaintiff[] proved to be deficient, ADP would purport to deal with the problem and then misrepresent to Plaintiff[] that the problem had been fixed, when . . . it had not." "Unlike a misrepresentation of future intent to perform, a misrepresentation of present facts is collateral to the contract and therefore involves a separate breach of duty" (Wyle Inc. v ITT Corp., 130 AD3d 438, 440-441 [1st Dept 2015] [emphasis and internal quotation marks omitted]; see also Board of Mgrs. of 411 E. 53rd St. Condominium v Dylan Carpet, 182 AD2d 551, 552 [1st Dept 1992]).
Moreover, plaintiff seeks at least some damages on its fraud claim that it does not seek on its contract claim (see MBIA Ins. Corp. v Credit Suisse Sec. [USA] LLC, 165 AD3d 108, 114 [1st Dept 2018]). As it explained during oral argument on defendant's CPLR 3211 motion to dismiss, defendant's substandard performance under the parties' contract resulted in plaintiff's overpaying its employees. If defendant had admitted that its system was not working, plaintiff "would have terminated [the contract] . . .[and] wouldn't have . . . overpaid [its] employees for that period of time post the supposed fix." Plaintiff does not seek this item under its contract damages.
Contrary to defendant's contention, plaintiff's brief at nisi prius, which characterized damages other than the fees it paid defendant as consequential, was not a formal judicial admission. "[T]o constitute a judicial admission, the statement must be one of fact" (Naughton v City of New York, 94 AD3d 1, 12 [1st Dept 2012]).
We are also unpersuaded by defendant's claim that the court decided its motion on a ground not advanced by the parties. The court denied defendant's motion because there were issues of fact as to whether its conduct constituted willful misconduct and the impact of such misconduct on sections 6.A and B of the contract, not due to the distinction between consequential and direct (or general) damages.
The court properly reserved the issue of consequential versus direct damages for trial. "The distinction between general [i.e., direct] and special [i.e., consequential] contract [*2]damages is well defined[,] but its application to specific contracts and controversies is usually more elusive" (Biotronik A.G. v Conor Medsystems Ireland, Ltd., 22 NY3d 799, 805-806 [2014] [internal quotation marks omitted]). Thus, a case-specific approach is appropriate, requiring a court determining whether damages are general "to look at the contract in its entirety to determine the probable consequences that will befall a non-breaching party" (id. at 808 and n 5).
If plaintiff's contract damages are ultimately determined to be direct or general, section 6.B's ban on consequential damages will not apply. However, even if plaintiff's damages are consequential, an exclusion for willful conduct or gross negligence will be implied where a limitation on liability does not specifically provide for one (Graphic Scanning Corp. v Citibank, 116 AD2d 22, 26 [1st Dept 1986]).
Contrary to defendant's contention, Matter of Part 60 Put-Back Litig. (36 NY3d 342 [2020]) does not support the conclusion that section 6.B's ban on consequential damages applies even to damages caused by gross negligence or willful misconduct. First, Put-Back considered only the public policy exception for gross negligence; it did not discuss the public policy exception for willful misconduct (id.). Second, Put-Back was concerned with "a pure breach of contract case, where a defendant's conduct does not give rise to separate liability in tort" (id. at 351; see also id. at 355, 358, 359). Third, while "the sole remedy provision [in Put-Back] was not intended to exculpate defendants from liability for a breach but rather was intended by the parties to provide a remedy for the breach" (id. at 357), section 6.B says, "Neither [defendant] nor [plaintiff] will be responsible for special, indirect, incidental, consequential, punitive or other similar damages . . ., however caused and under whatever theory of liability" (emphasis omitted).
Defendant contends that, if section 6.A and B are read together, section 6 is neither an exculpatory clause nor a provision that limits liability to a nominal sum because, under section 6.A, plaintiff can recover three months of the fees it paid to defendant. However, Chaitman v Moezinia (178 AD3d 642 [1st Dept 2019]) called a paragraph that said, "'Tenant waives, to the full extent permitted by law, any claim for consequential or punitive damages'" (id. at 643), an "exculpatory clause" (id.), although another paragraph allowed the tenant to obtain a rent abatement (id. at 642).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022