**In re Mildred E. COSTARELLA, Debtor.**

**Samuel J. BUOSCIO, Plaintiff,**

**v.**

**Mildred E. COSTARELLA, Defendant.**

**Bankruptcy No. 88–6245–8P7.
Adv. No. 89–038.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 30, 1989.

---

Neil Spector and Charles M. Tatelbaum, Kass, Hodges & Massari, Tampa, Fla., for plaintiff.

Mark A. Spence, New Port Richey, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is the dischargeability vel non of a claim asserted by Samuel J. Buoscio (Plaintiff). The claim is presented by the above-captioned adversary proceeding and is based on § 523(a)(6) of the Bankruptcy Code. It is the contention of the Plaintiff that the liability of Mildred E. Costarella (Debtor) to him, represented by

a final judgment entered in Ohio in the amount of $20,000 and subsequently domesticated in the State of Florida, is based on a willful and malicious injury to the person of the Plaintiff by the Debtor.

At the time relevant to this controversy, the Plaintiff was, and still is, a resident of Youngstown, Ohio. The Debtor is a resident of New Port Richey, Florida and is the sister of the Plaintiff. Until his death in 1984, their father lived with the Plaintiff in his condominium in Youngstown, Ohio. The Debtor came to Youngstown to attend her father's funeral, and prior to the day of the funeral, stayed with a sister who also lived in the greater Youngstown area.

Following the funeral, the Debtor stayed with the Plaintiff for several days. During her stay, she became involved in a heated argument with the Plaintiff over the administration of the estates of their recently deceased mother and father. As a result, the Debtor abruptly left and returned to her sister's residence. According to the Debtor, during the course of one of these heated discussions, the Plaintiff forcibly removed a diamond engagement ring from her finger, shut and locked the bedroom door and ordered her through the closed door to leave. The Debtor complied but rather than going directly to her sister's, she proceeded to see her brother-in-law, a practicing attorney, and sought his advice. Her brother-in-law suggested that she should file criminal charges against her brother and swear out a warrant for his arrest.

Several hours later, the Plaintiff was visited by two detectives who questioned him regarding the complaint filed by the Debtor. Sometime later, two deputies from the Mahoning County Sheriff's Department arrived with a warrant for the Plaintiff's arrest. The Plaintiff was handcuffed, searched and taken to the Mahoning County jail. After being fingerprinted and booked, the Plaintiff contacted a bail bondsman and paid him $250 for the bond and, upon paying the same, he was released and went home. Upon his arrival, he found a note indicating that the Sheriff's Department had executed a search

warrant and had rummaged through his condominium in quest of the ring, without success. Afterwards, he learned that the deputy sheriffs used the search warrant to enter his personal· safety deposit box as well. No ring was found.

The Debtor claims that the ring was given to her by her husband approximately eight years earlier. However, she presented no evidence to prove ownership of the ring, which was uninsured. Her husband did not appear at the hearing to testify that he had given her the ring. The Debtor never commenced any civil action in any court seeking the return of the ring or its value.

The Plaintiff engaged an attorney to represent him in the criminal proceeding and paid him $1,500. He pleaded not guilty and later attended a final evidentiary hearing on charges of robbery. The Debtor did not appear as a witness at the hearing and the charges against the Plaintiff were dismissed with prejudice for lack of proof.

The Plaintiff then brought a civil action against the Debtor for malicious prosecution in the Circuit Court in and for Mahoning County, Ohio. The Debtor never filed an answer or a counterclaim. As a result, a default judgment was entered in favor of the Plaintiff and against the Debtor for $20,000. The Ohio judgment was then domesticated in the Circuit Court in and for Pasco County, Florida. Following the entry of the judgment by the Circuit Court, the Plaintiff's attorneys deposed the Debtor in aid of execution of the judgment. Shortly thereafter, the Debtor filed her Petition for Relief under Chapter 7 of the Bankruptcy Code.

■ It is well established that the overriding purpose of the Bankruptcy Code is to provide the Debtor with comprehensive, much-needed relief from the burden of his indebtedness by releasing him from virtually all of his debts. *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). In keeping with this policy, the exceptions to discharge set out in § 523 of the Bankruptcy Code are generally construed narrowly against the creditor and in favor of the debtor. *In the Matter of Bonanza Import and Export, Inc.,* 43 B.R. 577 (S.D.Fla.1988). Thus, the burden lies with the Plaintiff to prove by clear and convincing evidence that a particular obligation of the debtor falls within the scope of § 523. The Plaintiff must establish each element of his claim of nondischargeability by clear and convincing evidence. *In the Matter of Bonanza Import and Export, Inc., supra; In re Hyers,* 70 B.R. 764 (Bankr.M.D.Fla.1987); *In re Cramer,* 93 B.R. 764 (Bankr.M.D.Fla.1988).

■ As noted earlier, the Debtor's liability to the Plaintiff has been established by the entry of a final judgment, originally entered in Ohio and later on domesticated in Florida, albeit by default. Thus, the liability is no longer a question to be considered and the Debtor is precluded by the doctrine of res judicata to relitigate the issue of liability. However, the character of the liability is within the determination of this Court and neither the doctrine of res judicata nor collateral estoppel would prevent this Court from considering this issue. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

■ A claim of nondischargeability under § 523(a)(6) requires a willful and malicious injury to an entity or to property of an entity. The legislative history of this section leaves no doubt that, to the extent the case of *Tinker v. Colwell,* 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904) held that a less strict standard is intended and the reckless disregard standard is required, this amended version of an exception to the discharge overrules *Tinker.* Thus, under this subclause, the term "willful" means deliberate or intentional (S.Rep. No. 95–989, 95th Cong. 2nd Sess.1978) U.S.Code Cong. & Admin.News 1978, p. 5787.

■ Applying the foregoing principle to the case as developed at the final evidentiary hearing, this Court is satisfied that the Plaintiff did carry his burden with the requisite degree of proof that the Debtor did in fact willfully injure the person of the Plaintiff. There is no credible evidence in this record to establish that she in fact had such a ring, let alone that the Plaintiff took

it from her finger. It is undisputed that the police, pursuant to the search warrant, thoroughly searched the apartment of the Plaintiff, without success. The ring was allegedly given to the Debtor by her husband who could readily have been called as a witness to establish the fact that such a ring was in fact in existence and was given to the Debtor by him. There is no logical explanation as to why the husband was not called. It is a well established principle that if a litigant fails to call a witness who is available and has actual knowledge of the facts of the case it is proper to infer that his testimony would be adverse to the party who fails to call such witness. In addition, after she had sworn out a warrant for the arrest of the Plaintiff, the Debtor failed to appear as a witness at the scheduled trial and the charge, of course, was dismissed for lack of prosecution.

In order to overcome the proof presented by the Plaintiff, the Debtor contends that in the discovery process she propounded Request for Admissions pursuant to Fed.R. Civ.P. 36, as adopted by Bankruptcy Rule 7036, and requested the Plaintiff to admit or deny that he did, in fact, take the ring from her. It is without dispute that the Plaintiff failed to respond to the Request and, therefore, technically his failure to do so would operate as an admission of the facts stated in the Request for Admissions. This proposition is facially correct unless the Court permits a belated response or excuses the Plaintiff's failure to respond to the request.

■ It is clear that although failure to take any action in the prescribed period under the discovery rules generally results in admission of the facts stated in the request, the Court has discretion to permit the parties either to file an answer to this request or disregard the failure when response or lack of response would not unduly prejudice the requesting party. *See Warren v. International Broth. of Teamsters, etc.,* 544 F.2d 334, 339–340 (8th Cir. 1976); *United States v. Lake Killarney Apartments, Inc.,* 443 F.2d 1170 (5th Cir. 1971); *French v. United States,* 416 F.2d 1149, 1152 (9th Cir.1969); *Moosman v. Jo-*

*seph P. Blitz, Inc.,* 358 F.2d 686, 688 (2d Cir.1966); *Countee v. United States,* 112 F.2d 447, 451 (7th Cir.1940); *Marshall v. Sunshine & Leisure, Inc.,* 496 F.Supp. 354, 356 (M.D.Fla.1980).

More importantly, the position of the Plaintiff was very well known to the Defendant from the beginning. The matter had been litigated already in the State Court and the lack of response to the Request certainly did not create a prejudice which would prevent this Court to excuse the Plaintiff's failure to respond to the request.

Moreover, the failure to answer the Request for Admissions was not the result of either lack of good faith or negligence. Thus it is proper to consider his testimony given at the trial in which he again denied that he stole the ring.

Based on the foregoing, this Court is satisfied that the Plaintiff did establish with the requisite degree of proof all the elements of a claim of nondischargeability under § 523(a)(6). For this reason, the judgment entered in the State of Ohio and domesticated in Florida representing the Debtor's liability is nondischargeable.

A separate Final Judgment shall be entered in accordance with the foregoing.