Christopher J. ROY

v.

Camille F. GRAVEL, Jr. and Richard V. Burnes.

Civ. A. No. 91–1765.

United States District Court, W.D. Louisiana, Alexandria Division.

April 30, 1992.

RULING

LITTLE, District Judge.

An adverse ruling of the bankruptcy court causes Christopher J. Roy to appeal to the federal district court. Roy invites this court to overturn the bankruptcy court's determination that Roy's debts to his former partners are not dischargeable. We decline the invitation and AFFIRM the decision from the bankruptcy court.

Camille Gravel, Christopher J. Roy, and Richard V. Burnes were partners engaged for some years in the practice of law under the partnership name of Gravel, Roy, and Burnes pursuant to an oral partnership agreement. The oral agreement provided that the assets and liabilities of the firm would be shared on the basis of 50% to Gravel, 25% to Roy, and 25% to Burnes. The first $120,000 of each year's earnings was distributed on the basis of 50% to Gravel, 25% to Roy, and 25% to Burnes. Annual earnings in excess of $120,000 were divided on the basis of 40% to Gravel, 30% to Roy, and 30% to Burnes.

In January 1980, Roy orally expressed his desire to withdraw from the partnership. The partners agreed that the partnership would terminate on 19 January 1980. In March 1980, the partners entered into a written dissolution agreement describing the manner in which certain former partnership matters would be handled, particularly accounts receivable, pending cases, and the division of fees to be received. Each partner assumed certain responsibilities under the contract, agreed to continue handling cases and performing legal services, and to deposit funds received for services performed in the Fund Account as the property of all three partners. Funds in the Fund Account were to be distributed as they had been previously distributed under the oral agreement.

Roy was responsible for handling to completion the majority of the personal injury cases from the firm and, initially, Roy complied with the terms of the agreement. Later, however, Gravel and Burnes assert that Roy breached the agreement by failing to deposit settlement monies in the Fund Account. They also contend that Roy retained funds that belonged to all the partners and used those funds for his personal benefit. Appellant, on the other hand, argued that in 1982, he received sev-

eral complaints from Burnes that Gravel had not upheld his end of the agreement. As a result, Roy decided to withdraw from the agreement pursuant to paragraph "D" of the agreement and gave notice to the clients whose cases he was handling that they should select their own counsel, and purportedly, most of them chose Roy.

Roy filed an action in state court for a declaratory judgment seeking an interpretation of the agreement. Gravel and Burnes filed a reconventional demand requesting a money judgment against Roy for monies allegedly obtained from the settlement of cases, which were not paid to them in accordance with the Agreement. After four years of trial preparation and discovery, the case was tried and judgment was rendered in November 1988 for Gravel and Burnes and against Roy on all material issues. The state trial court ruled that the agreement was a valid, binding, and fully enforceable contract and that Roy was individually liable to Gravel and Burnes. The judgment further reserved the rights of all parties to seek liquidation of the partnership and to require an accounting for certain partnership cases. Roy appealed the judgment to the Louisiana Third Circuit Court of Appeal. That tribunal affirmed the trial court's decision 570 So.2d 1175. Appellant later appealed the decision of the Third Circuit to the Louisiana Supreme Court, but a writ of review was denied 573 So.2d 1118. When the appellant sought bankruptcy protection, the appellees instituted adversary proceedings in the United States Bankruptcy Court for the Western District of Louisiana contending that the claims represented by the final state court judgment are non-dischargeable under the provisions of 11 U.S.C. § 523(a)(4) and (6). Appellees reason that the debts are not dischargeable as they were created by the defalcation of Roy while acting in a fiduciary capacity, and was a willful and malicious injury caused by the bankrupt to appellees or the property of appellees. After reviewing the entire state court record, the evidence, and testimony of the parties, the bankruptcy court rendered judgment in favor of Gravel and Burnes and decreed that all sums due plaintiffs as set forth in the final judgment of the state court were non-dischargeable under 11 U.S.C. § 523(a)(4) and (6).

On appeal, Roy argues that (1) he was not a fiduciary within the meaning of § 523 of the Bankruptcy Code and (2) that because he did not intend to violate a known duty, his actions fell short of what is traditionally considered a defalcation.

■ Our review of a bankruptcy court's decision is governed by the same standards employed by a review by the Fifth Circuit. A bankruptcy court's conclusions of law are subject to plenary review on appeal and the findings of fact are adopted, unless clearly erroneous. *In re Niland*, 825 F.2d 801, 806 (5th Cir.1987) (quoting *Wilson v. Huffman*, 818 F.2d 1135, 1142 (5th Cir. 1987)). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* "When a finding of fact is premised on an improper legal standard, or a proper one improperly applied, that finding loses the insulation of the clearly erroneous rule." *Id.*

Title 11 U.S.C. § 523(a)(4) of the Bankruptcy Code provides that a discharge under section 727, 1141, or 1328(b) does not discharge an individual debtor from any debt created by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. The threshold question on appeal is whether the appellant's relationship to the parties can be characterized as that of a fiduciary and whether his conduct can be construed as a defalcation as contemplated by the terms of the statute.

■ In *Matter of Moreno*, the Fifth Circuit defined "defalcation" as "a willful neglect of duty, even if not accompanied by fraud or embezzlement." 892 F.2d 417, 421 (5th Cir.1990). Appellant argues that the "willful neglect of duty" requirement of *Moreno*, contradicts the previous holding in *Carey Lumber Co. v. Bell*, 615 F.2d 370 (5th Cir.1980), and articulates a new standard requiring proof that the debtor

knew of the duty. Conversely, in *Bell*, the Fifth Circuit charged the debtor with knowledge of the duty irrespective of scienter. *See Carey Lumber Co. v. Bell*, 615 F.2d 370 (5th Cir.1980). Based on this interpretation, Roy argues that because he believed his duty to his former partners terminated with the termination of the former partnership, he could not have committed a defalcation. As indicated by the findings of the bankruptcy court in a well reasoned opinion, the standard for determining defalcation is an objective one that charges the debtor with knowledge of the law without weighing intent or motive. *In re Johnson*, 691 F.2d 249 (6th Cir.1982) (relying on *Carey Lumber Co. v. Bell*, 615 F.2d 370 (5th Cir.1980)). The court in *In re Johnson* explained:

> Although the "badness" of fraud, embezzlement or misappropriation is readily apparent, creating a debt by breaching a fiduciary duty is a sufficiently bad act to invoke the section 17(a)(4) [§ 523(a)(4) as amended] exception even without a subjective mental state evidencing intent to breach a known fiduciary duty or bad faith in doing so. This is because the requisite "badness," to conform with the spirit of the bankruptcy laws, is supplied by an individual's special legal status with respect to another, with its attendant duties and high standards of dealing, and the act of breaching these duties.

*Id.* at 256.

■ This court agrees with the bankruptcy court's legal definition of defalcation. The factual determination that Roy's violation of the written agreement of March 1990 was a defalcation is not clearly erroneous. After entering into a dissolution agreement, which the state courts found to be a valid, binding, and fully enforceable contract, and assuming certain responsibilities in accordance with the dissolution, Roy began violating the agreement in April 1982. He collected fees on cases and failed to deposit them in the Fund Account. Roy made no attempt to segregate the funds according to the agreement or to maintain them in a separate account until a court could determine if he had a legitimate reason for keeping the funds, but continued to spend his money and that of his partners for his personal advantage. The explanations given by Roy have failed to justify adequately the diversion of the funds. There is little doubt that the misdirection of funds under his stewardship for his own use and his failure to account to Gravel and Burnes constituted a defalcation on the part of the plaintiff as contemplated by the bankruptcy statutes.

Next, appellant contends that he was not a fiduciary within the meaning of § 523(a)(4) of the bankruptcy statute. Roy argues that the partnership in this case terminated on 19 January 1980 and that as a result of the termination, the dissolution agreement was merely a contractual obligation to pay that supplanted the former fiduciary relationship. Although the scope and meaning of a fiduciary relationship are questions of federal law, state law takes on importance in determining when a trust exists and when fiduciary duties arise. *Matter of Angelle*, 610 F.2d 1335, 1341 (5th Cir.1980). In explaining the appropriate role of state law in this inquiry, the Fifth Circuit stated:

> The state may impose trust-like obligations on those entering into certain kinds of contracts, and these obligations may make a contracting party a trustee. Of course, the trust must arise prior to and without reference to the act creating the debt. We also believe that state law may play importance in determining whether a specific case involves an express trust.

*Matter of Angelle*, 610 F.2d at 1341.

Additionally, the law of partnerships in Louisiana provides:

> A partner owes a fiduciary duty to the partnership and to his partners. He may not conduct any activity, for himself or on behalf of a third person, that is contrary to his fiduciary duty and is prejudicial to the partnership. If he does so, he must account to the partnership and to his partners for the resulting profits.

La.Civ.Code art. 2809. The Comments to Article 2809, although not part of the statute, cannot be ignored. The relationship

imposes upon partners the "obligation of good faith and fairness in their dealings with one another with respect to the affairs of the partnership." This relationship as fiduciaries "continues until the partnership is liquidated." La.Civ.Code art. 2809, Comment (b); *See Edco Properties v. Landry*, 371 So.2d 1367, 1373 (La.App. 3rd Cir.1979).

It is clear that Gravel, Burnes, and Roy, were still bound together by their fiduciary ties until the process of liquidation was finally complete. Moreover, the contract itself created an express trust sufficient to meet the requirements of a fiduciary relationship under 11 U.S.C. § 532(a)(4). Both the dissolution agreement and state law imposed trust-like obligations on Roy and each of the other partners. The agreement provided that all monies received as fees on partnership cases by Roy and the others were to be deposited in the fund account established by the partners. The agreement also created a duty to segregate funds and a requirement of accounting. Appellant violated each of these contractually imposed duties and consequently breached his duty as fiduciary to both Gravel and Burnes. Here again, the bankruptcy judge was not clearly erroneous in his factual findings.

■ The final issue on appeal centers upon 11 U.S.C. § 523(a)(6). This section of the bankruptcy code provides that the debt of an individual is not discharged if the debtor engaged in "willful and malicious injury ... to another entity or to the property of another." In interpreting § 523(a)(6), the Fifth Circuit has held "willful" to mean an intentional act and "malicious" to mean an act done without just cause or excuse. *Chrysler Credit Corp. v. Perry Chrysler Plymouth, Inc.*, 783 F.2d 480, 486 (5th Cir.1986); *Seven Elves, Inc. v. Eskenazi*, 704 F.2d 241, 245 (5th Cir.1983). The malicious element of § 523(a)(6) does not require ill will or specific intent to do harm on the part of the appellant. *Id.* To fall within the purview of § 523(a)(6), it is sufficient that Roy disregarded the provisions of the dissolution agreement, purposefully failed to segregate the amounts that rightfully belonged to all the partners,

and wrongfully used those amounts for his own benefit.

Based on the foregoing conclusions of law, the debt owed to appellees is non-dischargeable pursuant 11 U.S.C. § 523(a)(4) and (6) because it is a debt caused by the defalcation of the bankrupt while acting in a fiduciary capacity. The decision of the bankruptcy court is AFFIRMED and the case REMANDED for further proceedings consistent with this opinion.