■ PETERS GRIFFIN WOODWARD, INC., Respondent, v WCSC, INCORPORATED, Defendant, and MMT SALES, INC., Appellant. — Order, Supreme Court, New York County (Lane, J.), entered February 24, 1982, which, *inter alia,* denied the motion to dismiss the second cause of action, modified, on the law, by granting the branch of the motion to dismiss the second cause, and, as modified, affirmed, without costs. The issue presented upon appeal is whether Special Term should have granted MMT's motion to dismiss the second and fourth causes of action for legal insufficiency (CPLR 3211, subd [a], par 7). Plaintiff Peters Griffin Woodward, Inc. contracted with defendant WCSC, Incorporated to be its national sales representative in procuring the sale of advertising time for television. In its complaint, plaintiff alleges, *inter alia,* that WCSC breached that agreement by entering into a new contract with defendant MMT Sales, Inc. In the second cause of action, plaintiff alleges that it is the owner of certain commissions totaling $15,924.09. Plaintiff further asserts that WCSC wrongfully delivered these commissions to MMT. As a result of this wrongful delivery of commissions, plaintiff seeks to recover in conversion against both WCSC and MMT. Conversion is an unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights. (*Employers' Fire Ins. Co. v Cotten,* 245 NY 102, 105.) Money, if specifically identifiable, may be the subject of a conversion action (*Independence Discount Corp. v Bressner,* 47 AD2d 756,

757; *Laurent v Williamsburgh Sav. Bank,* 28 Misc 2d 140, 144; 10 NY Jur, Conversion, §§ 5, 13). However, an action for conversion cannot be validly maintained where damages are merely being sought for breach of contract (10 NY Jur, Conversion, § 27). The plaintiff has never had ownership, possession or control of the money constituting the June commissions. Therefore no action in conversion may be brought against WCSC or MMT on that theory. The plaintiff, of course, may seek to recover those commissions from WCSC under the first cause for breach of contract. The fourth cause is brought against MMT on the theory that it tortiously interfered with the contract existing between plaintiff and WCSC. This fourth cause asserts a valid basis for relief since it contains the essential elements from wrongfully inducing a breach of a contract. (*Israel v Wood Dolson Co.,* 1 NY2d 116, 120; 59 NY Jur, Torts, § 18.) Specifically, the fourth cause alleges (i) the existence of a valid contract between plaintiff and WCSC, (ii) MMT's knowledge of its existence, (iii) MMT's intentional procuring of the breach without justification, and (iv) the damages to plaintiff resulting therefrom. The motion to dismiss should have been granted as to the second cause of action. Concur — Murphy, P. J., Kupferman, Sandler, Fein and Asch, JJ.