■ CITIBANK, N.A., Respondent, v JULIA WILSON, Defendant, and LAWRENCE A. OMANSKY, Appellant. — Order of the Supreme Court, New York County (Grossman, J.), entered April 25, 1983, which denied appellant's motion to dismiss the complaint for failure to state a cause of action, granted plaintiff partial summary judgment against defendants for $3,600, plus interest, costs and disbursements, severed the action against defendant Wilson and directed plaintiff's claim for punitive damages against appellant to proceed to trial, unanimously modified, on the law, to grant summary judgment in favor of appellant dismissing the complaint against him in all respects, and said order is otherwise affirmed, with costs to appellant, and the bond heretofore posted pursuant to order of this court is discharged. ¶ Special Term treated Omansky's dismissal motion as one for summary judgment under CPLR 3211 (subd [c]), giving the parties an opportunity to submit additional papers. While the notice of appeal is in the name of both defendants, it is only Omansky who is considered to be an appellant as his is the only name listed as an appellant in the record on appeal, appeal title, and on all the briefs. ¶ Defendant Wilson was an officer and sole stockholder of Heart Courier Systems, Inc. (HCS) which had an account that was $10,000 overdrawn with the plaintiff bank. Wilson herself had no account with, nor was she a customer of, the bank. Wilson was the payee on three certified checks totaling $3,600 drawn on another bank. She indorsed them not in her name but in the name of HCS and deposited them for collection in the HCS account at the plaintiff bank. The account was provisionally credited by plaintiff for the amount of the deposit. The checks were returned to plaintiff unpaid by reason of the improper indorsement. Two and a half months later plaintiff requested Wilson to come to the bank to indorse the checks properly. ¶ Wilson, accompanied by an attorney, the defendant Omansky, appeared at plaintiff's office. Omansky asked to see the checks. A bank officer handed them over. Omansky asked and received permission to hand them over to Wilson. He then advised Wilson that the checks were her property and that she could keep them. The bank officer said that the checks were property of the bank and asked for their return. Wilson indorsed the checks but then put them in her pocketbook and she and Omansky left. The latter never saw the checks again. ¶ The conversion complaint, seeking $3,600 from the defendants and $50,000 punitive damages from Omansky, alleges that plaintiff owned and was entitled to possession of the checks, that Omansky had obtained possession with the implied understanding that they would be returned, and that he had aided Wilson in a conversion and had committed it with her. Special Term held that the complaint stated a sufficient cause of action in conversion. Characterizing Wilson as a customer of the plaintiff since she was an officer and sole stockholder of HCS and citing section 4-205 of the Uniform Commercial Code, the court took the view that the bank had the right to supply the indorsement of a customer necessary to its title and could apply the checks to the overdraft of HCS. When there were no further submissions by the parties upon the motion being treated as one for summary judgment, the court rendered the order now under appeal. ¶ "Conversion is an unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights" (*Employers' Fire Ins. Co. v Cotten*, 245 NY 102, 105). It is doubtful that plaintiff bank could have had the advantage of section 4-205 of the Uniform Commercial Code and have supplied

Wilson's indorsement because she was not personally a customer of the bank. Furthermore, the bank did not supply her indorsement. Also, the bank gave only a provisional credit to the HCS account when it received the checks and, when they were returned unpaid, it debited the HCS account. Thus it does not appear that the bank had a possessory interest sufficient to sustain this conversion action. In any event, Omansky never made "an unauthorized assumption and exercise of the right of ownership" over the checks. He obtained the checks from the bank officer with the latter's permission. He handed them to Wilson with the officer's permission. If this was done with the implied understanding that they would be indorsed, the fact remains that they were indorsed. In relevant part, Omansky only expressed the legal opinion to Wilson that, because of the provisional credit and later debit back, the checks were Wilson's and that she could keep them. We find this insufficient to constitute a conversion. Concur — Ross, J. P., Asch, Bloom, Lynch and Kassal, JJ.