■ Eugene A. Matzan, Respondent, v Eastman Kodak Company, Appellant.—Order insofar as appealed from unanimously reversed on the law without costs and defendant's motion granted. Memorandum: Plaintiff's fourth and fifth causes of action should have been dismissed. Plaintiff's fourth cause of action alleges that defendant converted money it wrongfully withheld from him by using his suggestions without paying for them. Plaintiff's claim is for nonperformance under an alleged agreement and his remedy is to sue for breach of contract (see, Peters Griffin Woodward v WCSC, Inc., 88 AD2d 883). A breach of contract does not give rise to a tort action in the absence of additional allegations of wrongdoing (Burlew v American Mut. Ins. Co., 99 AD2d 11, 16, affd 63 NY2d 412; Wegman v Dairylea Coop., 50 AD2d 108, 112-113). Additionally, plaintiff failed to allege that defendant converted specifically identifiable money belonging to him and thus his claim for conversion of money must be dismissed (see, Peters Griffin Woodward v WCSC, Inc., supra; Independence Discount Corp. v Bressner, 47 AD2d 756, 757).

Plaintiff's fifth cause of action must also be dismissed as it alleges that defendant converted three of plaintiff's ideas. A

claim for conversion does not lie for the withholding of indefinite, intangible, and incorporeal species of property *(see generally,* 23 NY Jur 2d, Conversion, § 11; 18 Am Jur 2d, Conversion, §§ 9, 13). The law of patents and copyrights provides a useful analog. Generally, one may not patent or copyright an idea *(see,* 18 Am Jur 2d, Copyright and Literary Property, § 3; 60 Am Jur 2d, Patents, § 7). There is no protected interest in an idea, but only in the tangible expression or implementation of that idea. It thus cannot be the subject of conversion. Further, in an action for conversion, a plaintiff must show a right, title or interest in property superior to that of defendant (23 NY Jur 2d, Conversion, §§ 18-21, 76, 79). Plaintiff has not made such allegation and it is difficult to see how he could prove a superior right in view of the fact that "ownership" of an idea is not a protected interest. Finally, in an action for conversion, a plaintiff must allege and prove that he has made a demand for the return of the property. Obviously, it is conceptually impossible to demand the return of an idea. (Appeal from order of Supreme Court, Monroe County, Contiguglia, J.—dismiss causes of action.) Present—Dillon, P. J., Denman, Balio, Lawton and Davis, JJ.