■ JOSEPH M. FEIGEN et al., Respondents, v ADVANCE CAPITAL MANAGEMENT CORP. et al., Appellants.—Order of the Supreme Court, New York County (Myriam Altman, J.), entered on August 10, 1988, which granted defendants' motion to dismiss the amended complaint pursuant to CPLR 3211 only to the extent of dismissing the ninth cause of action for fraud, is unanimously reversed on the law to the extent appealed from, the complaint dismissed against the individual Vogel defendants; the sixth, seventh, eighth and twelfth causes of action dismissed against defendant Advance Capital Management Corp.; and the fifth, eighth and twelfth causes of action dismissed against Skelgas Group Incorporated, without costs or disbursements.

In August of 1983, plaintiffs Joseph M. Feigen and James T. McCarthy entered into written employment agreements with defendant Advance Capital Management Corporation, a company formed by the individual Vogel defendants to identify and pursue corporate acquisitions. The Vogels are also the owners of Synergy Group Incorporated, a propane gas distribution company. Plaintiffs, who at the time were officers of Chase Manhattan Bank, had allegedly been instrumental in facilitating the Vogels' acquisition of Sun Gas Liquids, a propane distribution division of Sun Oil Company, and were thereafter recruited by the Vogels to assist in future acquisitions. According to the agreement between plaintiffs and Advance, which was actually executed prior to the creation of Advance with Sherman Vogel signing on behalf of the yet unnamed and nonexistent entity, plaintiffs were to be lavishly compensated for their efforts, including the receipt of a one-sixth equity interest in any business obtained under their auspices regardless of whether or not the acquisition was accomplished through Advance or another investment vehicle. Although plaintiffs worked out of Synergy premises, their salary and expenses were paid by Advance apparently from funds provided by Synergy. Plaintiffs contend that their labors ultimately succeeded in structuring an arrangement under

which the Vogels, in the name of defendant Skelgas Group Incorporated, a company newly formed by them, procured Old Skelgas, Inc., a propane distributorship and subsidiary of Texaco, Inc. When plaintiffs demanded a one-sixth interest in Skelgas, plus other benefits purportedly specified in their employment contract, defendants claimed that their agreement with plaintiffs did not extend to the acquisition of propane companies. Plaintiffs insisted that they were entitled to be recompensed under the terms of the contract and, consequently, were terminated on December 17, 1984. The instant action ensued.

The instant appeal arises from the denial by the Supreme Court of defendants' motion to dismiss the complaint pursuant to CPLR 3211 in its entirety as against the Synergy defendants and the Vogels and to dismiss some of the causes of action against Advance and Skelgas. (The court did dismiss the ninth cause of action for fraud.) In that regard, it should be noted that in an order entered on January 31, 1989 [146 AD2d 556], this court, in a prior appeal in connection with this litigation, reversed an order of the Supreme Court granting plaintiffs leave to serve an amended complaint to the extent of permitting them to assert certain claims against the Synergy defendants. In denying the motion to serve an amended complaint as against the Synergy defendants, we concluded that plaintiffs were precluded by res judicata from repleading against the previously dismissed parties. Therefore, the Synergy defendants have been effectively removed from the case, and the appeal is now moot as to them.

As to the individual Vogel defendants, who are the shareholders and directors of Synergy, plaintiffs state in their complaint that "Advance was operated by the Vogel Defendants as their alter ego and the alter ego of Synergy Group and Synergy Gas." Since the Synergy entities are no longer defendants herein, and the subject employment agreement was signed by Sherman Vogel only in his corporate capacity as vice-president, and none of the other Vogels at all, the first four causes of action for breach of contract cannot be maintained against the Vogels. The alter ego theory is simply insufficient to support claims for breach of contract against individuals in the absence of specific factual allegations demonstrating fraud or other corporate misconduct or that the individuals in question conducted business in their personal rather than corporate capacity. There are simply no factors present here which would justify disregarding the corporate

form and piercing the corporate veil. *(Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 656-657.)

The fifth cause of action for tortious interference with plaintiffs' contracts must also be dismissed against the Vogels. It is clear that a corporate officer, director or shareholder cannot be held personally liable for inducing the breach of a contract between the corporation and a third party *(Murtha v Yonkers Child Care Assn.,* 45 NY2d 913, 915). There is no indication whatever of any independent tortious conduct on the part of any of the individual defendants *(see, Murtha v Yonkers Child Care Assn., supra,* at 915). The record, moreover, is devoid of any factual basis for a claim of tortious interference against Skelgas.

The sixth and seventh causes of action for conversion and replevin, respectively, lie only against Skelgas, which is the only party in possession of the property sought by plaintiffs, the one-sixth equity interest in that company *(see, Citibank v Wilson,* 101 AD2d 742). The eighth cause of action for unjust enrichment must be dismissed against all remaining defendants. Unjust enrichment is a quasi contract claim, and "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 388). There is no dispute herein concerning the fact that plaintiffs had a valid and enforceable agreement with Advance, and a nonsignatory to a contract cannot be held liable where there is an express contract covering the same subject matter *(Julien J. Studley, Inc. v New York News,* 70 NY2d 628).

The ninth cause of action for fraud has already been dismissed by the Supreme Court. The tenth cause of action for breach of a fiduciary relationship by the Vogel defendants also cannot be sustained. A conventional business relationship does not create a fiduciary relationship in the absence of additional factors not here alleged *(Payrolls & Tabulating v Sperry Rand Corp.,* 22 AD2d 595, 598). In their eleventh cause of action, the plaintiffs accuse the Vogels of the wrongful diversion of opportunities, assets and profits from Skelgas to Synergy. However, "allegations of mismanagement or diversion of assets by officers or directors to their own enrichment, without more, plead a wrong to the corporation only" which may be challenged only through a shareholders' derivative action *(Abrams v Donati,* 66 NY2d 951, 953). Plaintiffs, therefore, do not have the standing to bring this claim. Finally, the twelfth cause of

action against all of the defendants charges them with a general conspiracy to commit many of the torts asserted in the other causes of action. As the Court of Appeals has held in *Alexander & Alexander v Fritzen* (68 NY2d 968, 969), a mere conspiracy to commit a tort can never by itself constitute a viable cause of action. While "[a]llegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort" *(Alexander & Alexander v Fritzen, supra,* at 969), a claim of conspiracy certainly cannot be used to render sufficient causes of action that cannot otherwise be sustained nor can it be a vehicle for maintaining claims against parties who are not liable for them. Accordingly, there is no valid cause of action stated here. Concur—Sullivan, J. P., Asch, Milonas, Kassal and Wallach, JJ.