■ LISA YETERIAN, Appellant-Respondent, v HEATHER MILLS N. V. INC., Respondent-Appellant, and GILBERT CHARLES BEYLEN, INC., Respondent.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered March 28, 1991, which, insofar as appealed from, granted defendant Heather Mills N.V. Inc.'s cross motion for summary judgment to the extent it sought dismissal of plaintiff's cause of action for conversion, and denied it to the extent it sought dismissal of plaintiff's cause of action for breach of contract, unanimously modified, on the law, to grant dismissal of the first cause of action for breach of contract as against defendant Heather Mills, and otherwise affirmed, without costs.

The IAS court erred in determining that summary judgment dismissing the cause of action for breach of contract as against defendant Heather Mills was precluded by an issue of fact as to whether an agency relationship existed between Heather Mills and defendant Gilbert Charles Beylen, Inc., and, if so, whether the latter breached its covenant of good faith and fair dealing with plaintiff so as to render Heather Mills liable as principal. Assuming the existence of such an agency relationship, the record shows that defendant Gilbert

Charles acted in good faith and in complete conformity with the purchase agreement when it refused to submit plaintiff's deficient and untimely mortgage application. Specifically, we find that Heather Mills was entitled to cancel the contingency financing clause in the purchase agreement and retain plaintiff's down payment as liquidated damages where it is undisputed that plaintiff failed to apply for mortgage financing through Gilbert Charles within five days after receiving the executed purchase agreement, failed to notify Heather Mills of her inability to obtain a mortgage commitment within 35 days after receiving the executed contract, failed to appear at the scheduled closing, failed to tender the balance of the purchase price, and failed to timely furnish Gilbert Charles with such information and data as it deemed necessary to process and secure a mortgage for her *(Maxton Bldrs. v Lo Galbo,* 68 NY2d 373). Concerning the cause of action for conversion, we agree with the IAS court that it merely restates the cause of action for breach of contract and alleges no independent facts sufficient to give rise to tort liability. Since an action for conversion cannot be predicated on a mere breach of contract, plaintiff's conversion claim was properly dismissed *(Peters Griffin Woodward v WCSC, Inc.,* 88 AD2d 883).

We have considered the parties' remaining claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Rosenberger and Rubin, JJ.