■ Henry S. Behr, Appellant, v Rallye Motors Incorporated et al., Respondents.—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated November 16, 1990, as, upon reargument and renewal, adhered to the original determination dismissing the first, second, third, fourth and seventh causes of action asserted in the complaint and (2) so much of a judgment of the same court entered November 26, 1990, in favor of the defendants and against the plaintiff on those causes of action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The court properly granted summary judgment to the defendants dismissing the plaintiff's second, third, and fourth causes of action, as he failed to present evidentiary proof in admissible form to support the claim that the defendant car dealership engaged in deceptive practices prohibited by General Business Law § 349 (a) (see, Zuckerman v City of New York, 49 NY2d 557, 562; see generally, Genesco Entertainment v Koch, 593 F Supp 743; Quail Ridge Assocs. v Chemical Bank, 162 AD2d 917; Goldberg v Manhattan Ford Lincoln-Mercury, 129 Misc 2d 123). Similarly, the proof offered by the plaintiff was insufficient to establish the existence of triable issues of fact regarding his first cause of action to recover damages for fraud in the inducement of the contract. The plaintiff's seventh cause of action to recover damages for conversion of his $500 deposit was properly dismissed, as it was predicated upon a breach of the terms of the contract (see, 23 NY Jur 2d, Conversion, §§ 12, 24; Peters Griffin Woodward v WCSC, Inc., 88 AD2d 883). Sullivan, J. P., O'Brien, Pizzuto and Santucci, JJ., concur.