STROJMATERIALINTORG, Plaintiff,

v.

RUSSIAN AMERICAN COMMERCIAL CORP., American Cut Crystal Corp., and Marvin Wolf, individually and d/b/a Russian American Commercial Corp. and American Cut Crystal Corp., Defendants.

No. CV 92–4280.

United States District Court, E.D. New York.

March 11, 1993.

Krupnick & Goldman by Sheldon M. Krupnick, Garden City, NY, for plaintiff.

Kaye, Scholer, Fierman, Hays & Handler by Gary Thompson, New York City, for defendants.

MEMORANDUM AND ORDER

WEXLER, District Judge.

Strojmaterialintorg ("STROM"), plaintiff in the above-referenced action, brought suit against Russian American Commercial Corporation ("RACC"), American Cut Crystal Corporation ("ACC") and Marvin Wolf ("Wolf") individually and d/b/a/ RACC and ACC alleging breach of contract, indebtedness, unjust enrichment, conversion and fraud. Presently before the Court is defendants' motion to dismiss all claims against Wolf individually and all claims against the corporate defendants save the breach of contract claim. For the reasons stated below, the claims against the corporate defendants for indebtedness, unjust enrichment, conversion and fraud are hereby dismissed. The claims against Wolf individually will not at this time be dismissed. Rather, STROM is hereby given leave to amend its complaint within thirty days of entry of this order to allege facts sufficient to support piercing the corporate veil and holding Wolf individually liable. Failure to timely amend the complaint will result in the dismissal of all claims against Wolf individually.

## I. BACKGROUND

The underlying facts of this case are not complex. According to the complaint, RACC and ACC, both closely held corporations, entered into separate agreements with STROM to buy $420,197.22 worth of Russian crystal. Wolf, who is the chief executive officer of both corporations and their sole or controlling shareholder, executed the agreements on behalf of RACC and ACC. The complaint alleges that although STROM met its contractual obligations and delivered the crystal, neither RACC nor ACC paid for the goods and have sold and profited from their resale.

As a result of this course of events, STROM brought a nine count complaint against RACC, ACC, and Wolf. The first five causes of action are brought against RACC, ACC, and Wolf d/b/a RACC and ACC. The five claims are for breach of contract, indebtedness, unjust enrichment, conversion and fraud. In support of its fraud claim, STROM alleges that in accepting delivery of the crystal the defendants represented by their conduct that they would abide by the terms of the contract. STROM further alleges that when defendants made said representation they knew that they had no intention ever to pay STROM for the crystal. According to STROM, defendants' sole purpose in making the false representation was to induce STROM to rely on the misrepresentation. Finally, STROM alleges that it reasonably relied on defendants' misrepresentation to its detriment. STROM seeks punitive damages with respect to the conversion and fraud claims. The next four causes of action are brought against Wolf individually and d/b/a RACC and ACC. These claims are identical to the first five claims except that no breach of contract is alleged.

Strewn throughout the complaint are allegations that Wolf used RACC and ACC as alter egos for his own personal benefit. Upon information and belief, STROM alleges that Wolf formed RACC and ACC as corporate entities for the purpose of attempting to avoid personal liability for tortious and criminal acts committed in the corporate names for his exclusive benefit and gain. STROM also claims upon information and belief that the acts of RACC and ACC were undertaken at the order and under the direction and control of Wolf, in disregard of the corporate entity and to further Wolf's own rather than the corporations' interest. Beyond these bald assertions, however, the complaint contains no facts supporting STROM's position that RACC and ACC are Wolf's alter egos.

## II. DISCUSSION

Presently before the Court is defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Defendants allege that all nine causes of actions stated against Wolf individually and d/b/a RACC and ACC must be dismissed because plaintiff failed to allege facts sufficient to pierce the corporate veil of the corporate defendants RACC and ACC. Under New York law,

Where one individual appears to exercise complete dominion and control, the factors

to be examined in determining whether to pierce the corporate veil are:

(1) domination and control over corporation by those held liable which is so complete that the corporation has no separate mind, will, or existence of its own;

(2) use of this domination and control to commit fraud or wrong or any other dishonest or unjust act; and

(3) injury or unjust loss resulting to plaintiff from said control and wrong.

*Bowles v. Errico,* 163 A.D.2d 771, 558 N.Y.S.2d 734, 736 (3d Dep't 1990).

■ In order to allege properly a cause of action against a shareholder or officer, a plaintiff must do more than conclusorily state that the shareholder or officer exercises dominion and control over the corporation. Rather, a plaintiff must allege specific facts showing that the shareholder or officer is doing business in his or her individual capacity without regard to corporate formality. *Walkovsky v. Carlton,* 18 N.Y.2d 414, 276 N.Y.S.2d 585, 589–91, 223 N.E.2d 6, 9 (1966); *Abelman v. Shoratlantic Dev. Co.,* 153 A.D.2d 821, 545 N.Y.S.2d 333, 334 (2d Dep't 1989) ("mere conclusory allegations that an entity is an 'alter ego' of a corporation are insufficient"); *Feigen v. Advance Capital Management,* 150 A.D.2d 281, 541 N.Y.S.2d 797, 798 (1st Dep't) *appeal dismissed in part, denied in part,* 74 N.Y.2d 874, 547 N.Y.S.2d 840, 547 N.E.2d 95 (1989) ("the alter ego theory is simply insufficient to support claims for breach of contract against individuals in the absence of specific factual allegations . . ."); *Bonanni v. Straight Arrow Publishers,* 133 A.D.2d 585, 520 N.Y.S.2d 7, 9 (1st Dep't 1987) ("the amended complaint contains only a legal conclusion with no factual allegations supporting the alter ego claim, which is 'so purely conclusory as to be meaningless.' ") (citation omitted); *Cusumano v. Iota Indus., Inc.,* 100 A.D.2d 892, 474 N.Y.S.2d 579, 580 (2d Dep't 1984) (complaint dismissed where "it merely contained conclusory statements that [the individual] was the 'alter ego' of the corporation with whom plaintiff had allegedly contracted").

■ Here, plaintiff has failed to allege any specific facts supporting its position that the corporate veil should be pierced and Wolf held individually liable. Such allegations could consist of, among other things, particularized statements regarding the "shuttling [of] personal funds in and out of the corporations 'without regard to formality and to suit their immediate convenience.' " *Walkovsky v. Carlton,* 276 N.Y.S.2d at 590, 223 N.E.2d at 8. The present complaint, however, merely restates the appropriate legal standard to pierce the corporate veil and is absolutely devoid of any particularized allegation indicating how Wolf disregarded the corporate formalities. However, instead of dismissing the nine claims stated against Wolf individually, plaintiff is hereby given leave to amend its complaint to allege specific facts supporting a piercing of the corporate veil.

■ Defendants also argue that plaintiff's fraud action must be dismissed because it does nothing more than restate the breach of contract claim. In its complaint, plaintiff alleges that although defendants accepted delivery of the crystal thereby communicating to plaintiff their intent to abide by the terms of the contract, they never actually intended to fulfill its obligations under the contract. Under New York law, "a claim predicated on a breach of a contractual arrangement cannot be converted into a fraud claim simply by allegations that a defendant never intended to adhere to its obligations under the agreement." *Carlucci v. Owens–Corning Fiberglas Corp.,* 646 F.Supp. 1486, 1491 (E.D.N.Y.1986). Rather, "to sustain a tort action separate from the breach of contract claim, the tortious conduct must have breached a legal duty existing independently of the contractual relations between the parties." *Crabtree v. Tristar Automotive Group, Inc.,* 776 F.Supp. 155, 162 (S.D.N.Y. 1991) (citing *Hargrave v. Oki Nursery Inc.,* 636 F.2d 897, 899 (2d Cir.), *reh'g denied,* 646 F.2d 716 2d Cir.1980)).

Defendants' duty to pay for the goods is one and the same with their duty arising under the written contracts between the parties. Because plaintiff does no more than allege that defendants never intended to pay for the crystal even after they accepted shipment of the goods, its fraud claim must be dismissed.

■ Defendants also argue that plaintiff's unjust enrichment claim must also be dismissed for failure to state a claim. Under New York law, "the existence of an express contract between the plaintiff and [defendants] governing the particular subject matter of its claim for unjust enrichment precludes the plaintiff from maintaining a cause of action sounding in quasi-contract against [defendants]." *Metropolitan Elec. Mfg. v. Herbert Const.*, 183 A.D.2d 758, 583 N.Y.S.2d 497, 498 (2d Dep't 1992). In this case, plaintiff's quasi-contract claim is that STROM delivered the crystal goods, that defendants have not paid for the crystal and have therefore been unjustly enriched, and that STROM has been injured as a result. Thus, it is beyond dispute that plaintiff's unjust enrichment claim is based directly on the legal duties governed by the written contract.[1] Accordingly, the unjust enrichment claim must be dismissed.[2]

■ Finally, defendants argue that plaintiff's conversion claim must also be dismissed. Under New York law, "an action for conversion cannot be validly maintained where damages are merely being sought for breach of contract." *Peters Griffin Woodward, Inc. v. WCSC, Inc.*, 88 A.D.2d 883, 452 N.Y.S.2d 599, 600 (1st Dep't 1982). *See also Yeterian v. Heather Mills N.V. Inc.*, 183 A.D.2d 493, 583 N.Y.S.2d 439, 440 (1st Dep't 1992); *Matzan v. Eastman Kodak Co.*, 134 A.D.2d 863, 521 N.Y.S.2d 917, 918 (4th Dep't 1987). In the present action, plaintiff's conversion claim is based on defendants' alleged acceptance and retention of the crystal goods and its concomitant failure to pay for the goods. Thus, the underlying basis for this claim is in actuality an alleged breach of contract. Consequently, plaintiff's conversion claim must be dismissed.

### III. CONCLUSION

For the above-stated reasons, the fraud, unjust enrichment, indebtedness and conversion claims against RACC and ACC are hereby dismissed. Additionally, STROM has thirty days from entry of this order to amend its complaint in conformity with this opinion to allege facts sufficient to hold Wolf individually liable. Failure to timely amend the complaint will result in dismissal of all claims against Wolf individually.

SO ORDERED.

---

1. Plaintiff argues that the unjust enrichment claim against Wolf individually should survive because there was no contract between Wolf and STROM. However, because this Court has already determined that the complaint does not allege sufficient facts to sustain any claims against Wolf individually, plaintiff's argument is without merit.

2. Plaintiff also brought an action for indebtedness against defendants, claiming that defendants are indebted to plaintiffs for the crystal goods. Because this repetitive claim is essentially a claim in quasi-contract, it must be dismissed for the same reason as the unjust enrichment claim.