■ Edward S. Gordon Company, Inc., Appellant, v TPD Corp. et al., Defendants, and Arthur G. Cohen et al., Respondents. [649 NYS2d 143] —Order, Supreme Court, New York County (Walter Schackman, J.), entered August 3, 1995, which granted defendants-respondents' motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion to compel production of the individual defendants-respondents' personal tax records and to hold defendants-respondents' summary judgment motion in abeyance until such tax records are produced, unanimously affirmed, without costs.

Since the commission agreement executed by the parties unambiguously designated the partnership CGR Venture L.P. as the sole obligor with respect to plaintiff's commission, summary judgment dismissal was properly granted on plaintiff's first and second causes of action seeking to hold defendants-respondents liable for that commission *(see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162). We note that this Court has previously granted summary judgment to plaintiff on the issue of CGR's liability for the commission (182 AD2d 516). That the three individual defendants-respondents signed the agreement as general partners of Taft does not alter the conclusion that only CGR was obligated to pay the commission under the terms of the agreement. Although Taft was a limited partner of CGR, limited partners are not liable for the obligations of the partnership (Partnership Law § 90).

Additionally, the second cause of action for an account stated was deficient since most of the invoices were sent to other defendants and defendant Martin Goodstein clearly objected to the invoice he received *(see, Public Broadcast Mktg. v Trustees of Univ. of Pa.,* 216 AD2d 103).

The dismissal of the third cause of action for unjust enrichment was also warranted, since there is a valid and enforceable contract covering the same subject matter *(see, Feigen v Advance Capital Mgt. Corp.,* 150 AD2d 281, 283, *lv dismissed and denied* 74 NY2d 874).

The cross motion was properly denied. Defendants' tax rec-

ords are irrelevant in view of the foregoing. Concur—Sullivan, J. P., Ellerin, Ross, Tom and Mazzarelli, JJ.