**Madeline TRIEMER, Plaintiff,**

v.

**BOBSAN CORP., et al., Defendants.**

**No. 99 Civ. 0197(CM).**

United States District Court,
S.D. New York.

Oct. 8, 1999.

David R. Crittenden, Jacob, Medinger & Finnegan, L.L.P., New York City, for Madeline Triemer, Plaintiff.

Stephan J. Kallas, Maher & Kallas, P.C., for Frank Adamo, Defendants.

## MEMORANDUM DECISION AND ORDER GRANTING MOTION OF DEFENDANT FRANK ADAMO FOR SUMMARY JUDGMENT

McMAHON, District Judge.

Plaintiff is an elderly widow who entrusted her household furnishings to an unspecified moving company known as Moving America when she moved from Orange County to Alabama. The truck and its contents never made it to plaintiff's new home, and everything she had was lost. Plaintiff, in a Complaint that can hardly be called "well pleaded," has sued every company known as "Moving America" that she can locate in the Southern or Northern District of New York, together with persons whom she identifies, on information and belief, as their shareholders—Robert H. Freedman, Sandra Freedman and Frank Adamo. The various companies, as frequently happens with small, thinly-capitalized enterprises, are no longer in business, the Freedmans are divorced, Robert Freedman has moved to Florida and Sandra Freedman cannot be located so as to be served with process.

This leaves Frank Adamo, who is alleged to be one of the principals in a group of closely-held corporations that are operating some sort of shell game to avoid liability to dissatisfied customers like Mrs. Triemer. The complaint contains two references to Mr. Adamo. The first states, on information and belief, that Adamo is "an officer and/or shareholder of one or more of the above entities." Complaint ¶ 4. The Complaint does not identify which entity or entities were owned by Adamo, or whether that entity or those entities had been in contact with her concerning her move. The second, a purely conclusory allegation, states that Adamo (as well as the Freedmans) "engaged in complete domination of the corporate Defendants, misused the corporate form for the express purpose of committing and facilitating the fraud and wrongful acts set forth above, and abused the privilege of doing business in the corporate form such that equity should intervene and pierce the corporate veil of the corporate Defendants, holding all Defendants personally liable." Complaint ¶ 44. There is no allegation in the instant Complaint that Mr. Adamo had any dealings with plaintiff; that he, acting either personally or on behalf of any corporation, entered into any contract to move her belongings; or that he or any company in which he had an interest ever had custody of her goods and chattels. Indeed, the only person identified in the Complaint as having dealt with plaintiff is someone named John Angel, and there is no allegation about what the relationship is between Mr. Angel and Mr. Adamo if, indeed, there is any relationship between them at all.

Mr. Adamo made an application for dismissal of the Complaint before the Hon. Allan Schwartz, to whom this case was initially assigned. Justice Schwartz instructed plaintiff to prepare a letter outlining why she thought she had a claim against Mr. Adamo. Along with that letter, plaintiff attached a number of complaints concerning moves performed by the various entities named "Moving America." Some of those complaints (see Ex. K, L and M) refer to Mr. Adamo as the President or General Manager of Afforda-

ble Moving and Storage of Westchester, d/b/a Moving America of Westchester. A few (Ex. K, O and P) refer to him as General Manager of Bobsan, Inc. None of the complaints concern Moving America in Newburgh, New York or Orange County, where plaintiff lived (in Middletown). Many do not refer to Mr. Adamo at all. Most of the complaints concern breakage or faulty estimates. Some of the formal complaints resulted in fines being imposed against the company that was the subject of the complaint. Some were dismissed. Some were not formal complaints at all.

After submission of the letter and the complaints, Justice Schwartz transferred the case to White Plains, and I was assigned to hear it. Subsequently, Adamo moved for judgment on the pleadings or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56, dismissing the claim on the ground that it states no complaint against him.

Whether considered on the pleadings alone or as a motion for summary judgment, the motion must be granted.

■ The law is well settled that when a complainant seeks to pierce the corporate veil, she must prove both that the individual defendant "exercised complete domination of the corporation in respect to the transaction attacked" and also that "such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Morris v. New York State Dep't of Taxation and Finance,* 82 N.Y.2d 135, 603 N.Y.S.2d 807, 623 N.E.2d 1157 (1993). As a matter of pure pleading, the instant Complaint does neither.

■ Insofar as the exercise of complete domination is concerned, the critical element of ownership over something is alleged on information and belief, which is insufficient to withstand a motion to dismiss. "In order to allege properly a cause of action against a shareholder or officer, a plaintiff must do more than conclusorily state the shareholder or officer exercises

dominion and control over the corporation." *See, e.g., Strojmaterialintorg v. Russian Am. Commercial Corp.,* 815 F.Supp. 103, 105 (E.D.N.Y.1993) (citations omitted); *Cresser v. American Tobacco Co.,* 174 Misc.2d 1, 5, 662 N.Y.S.2d 374, 377 (N.Y.Sup.Ct.1997) ("Recasting the . . . criteria for piercing the corporate veil and framing them as allegations in the complaint does not, without more, sustain a cause of action. . . ."). Moreover, it is not even alleged what corporation Mr. Adamo had ownership of. More important, the Complaint says nothing about how Mr. Adamo exercised domination and control over any corporation *with respect to Mrs. Triemer's move.* It does not contain a single non-conclusory allegation about his connection to Mrs. Triemer. And the one and only allegation against Mr. Adamo concerning the transaction attacked—the contention in the Ninth Count that the three individual defendants "misused the corporate form for the express purpose of committing and facilitating the fraud and wrongful acts set forth above"—does not include a single specific allegation of how plaintiff misused the corporate form. Disregard of the corporate form is highly disfavored under New York law, *see, e.g., William Wrigley Jr., Co. v. Waters,* 890 F.2d 594, 600 (2d Cir.1989), and depends on a showing of fraud, which is subject to the strict pleading requirements of Federal Rule of Civil Procedure 9(b) (requiring the pleading of fraud with particularity). This skimpy pleading cannot be sustained.

The failure to plead fraud with particularity, as required by Federal Rule 9(b), means that plaintiff has failed to plead adequately the second of the two requirements for piercing the corporate veil. The closest reading of this Complaint fails to disclose a single thing that Mr. Adamo allegedly did to deceive or defraud the plaintiff in connection with her move.

Viewing the record under Federal Rule 56(b), defendant is equally entitled to dismissal. Mr. Adamo has put in an affidavit averring that he is not and was not a

shareholder or officer of any of the corporate defendants, admitting that he was sometimes listed as a corporate officer of Bobsan but contending that this was an error. Adamo also avers that he never had any connection with the plaintiff. While arguably plaintiff should be given an opportunity to take discovery concerning the former point—though she could and should have done so as soon as the motion was made—it is unnecessary to afford her that opportunity. Her failure to controvert Adamo's claim that he never had any dealings with her—a matter as to which she is personally equipped to testify—effectively disposes of her claim against him, given the strictures of New York's piercing the corporate veil doctrine. It also means that there is no reason to grant her leave to replead.

Mrs. Triemer has suffered a tremendous loss, and it is more than unfortunate that she will apparently have no redress for it. But the fact that whatever corporation entered into a contract with her has gone out of existence does not give her recourse against Mr. Adamo.

This constitutes the decision and order of the Court.